# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:09CR142-LES-FG3 |
| | ) | |
| DAVID W. KOFOED, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the magistrate judge on the defendant's Motion to Introduce Defendant's Polygraph Test (Doc. 16), and the government's response thereto (Doc. 24).

In his brief (Doc. 18), the defendant states that he submitted to a polygraph examination by the Douglas County Sheriff's Department as part of an internal affairs investigation of the facts alleged in the indictment. According to the defendant, he was specifically asked whether he planted evidence, he answered "no," and two different polygraph examiners determined that he was being truthful.

"Before polygraph results may be admitted, the party seeking its admission must lay a proper foundation for the district court to decide its reliability." *United States v. Gianakos*, 415 F.3d 912, 925 n.8 (8th Cir.), *cert. denied*, 546 U.S. 1045 (2005); *see also United States v. Rouse*, 329 F. Supp. 2d 1077, 1083 (D.S.D. 2004), aff'd, 410 F.3d 1005 (2005). The defendant's motion does not divulge when the polygraph examination took place, who conducted it, or identify the polygraph examiners to whom he refers.[1]

---

[1] The government's brief indicates that the examination was conducted on July 3, 2008 by Douglas County Deputy Brenda G. Wheeler. The defendant, who was accompanied by his attorney, was informed of three questions he would be asked during the examination. The government argues that none of the questions asked are relevant to the allegations included in the indictment.

Foundational issues aside, the defendant's position is not supported by Eighth Circuit precedent. In *United States v. Gianakos*, the court observed,

> A fundamental premise of our criminal trial system is that "the jury is the lie detector." *United States v. Barnard*, 490 F.2d 907, 912 (9th Cir. 1973). "Determining the weight and credibility of witness testimony, therefore, has long been held to be the part of every case that belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men." *United States v. Scheffer*, 523 U.S. 303, 313 (1998).

415 F.3d at 924-25 (parallel citation omitted). The court specifically noted the Supreme Court's observation that, "'[b]y its very nature, polygraph evidence may diminish the jury's role in making credibility determinations." 415 F.3d at 925 n.7 (quoting *Scheffer*, 523 U.S. at 313). Most recently, in *United States v. Gill*, 513 F.3d 836 (8th Cir.), cert. denied, 129 S. Ct. 750 (2008), the court stated:

> Our cases make clear that polygraph evidence is disfavored. *See, e.g., United States v. Swayze*, 378 F.3d 834, 837 (8th Cir. 2004) ("When two witnesses contradict each other, juries, not polygraph tests, determine who is testifying truthfully."); *Ortega v. United States*, 270 F.3d 540, 548 (8th Cir. 2001) (noting the consensus among the courts of appeal against the use of polygraph evidence at sentencing and rejecting the use of polygraph evidence as grounds for a sentencing enhancement for obstruction of justice); *Anderson v. United States*, 788 F.2d 517, 519 n.1 (8th Cir. 1986) (noting this court's "rule that polygraph examination results should not be admitted absent stipulation"). Because "'there is simply no consensus that polygraph evidence is reliable,'" *Ortega*, 270 F.3d at 548 (quoting *United States v. Scheffer*, 523 U.S. 303, 309, (1998)), the evidence proffered by the defendants would have been of little or no value to the district court in ruling on defendants' motion to suppress, *see e.g., United States v. Sockel*, 478 F.2d 1134, 1135-36 (8th Cir. 1973) (rejecting a defendant's claim of error arising from a district court's denial of the defendant's offer to take a polygraph exam in support of his motion to suppress).

513 F.3d at 846 (parallel citation omitted).

While it appears that polygraph evidence is no longer *per se* inadmissible following the Court's decision in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-95 (1993), the use of such evidence remains "highly disfavored" in the Eighth Circuit. *See S.E.C. v. Kopsky*, 586 F. Supp. 2d 1077, 1080-81 (E.D. Mo. 2008); *United States v. Dupris*, 422 F. Supp. 2d 1061, 1072 (D.S.D. 2006).

In this case, the defendant has not proffered *any* foundational showing that would warrant setting this motion for a *Daubert* hearing. Nor is the court convinced that the polygraph evidence described in the defendant's written materials is relevant to the pending charges.

**IT IS ORDERED** that the defendant's Motion to Introduce Defendant's Polygraph Test (Doc. 16) is denied.

Pursuant to NECrimR 57.2(a), a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" no later than **Monday, July 20, 2009.**

**DATED July 13, 2009.**

          **BY THE COURT:**

          s/ F.A. Gossett
          **United States Magistrate Judge**