IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,   )<br>)<br>vs.      )<br>)<br>DAVID W. KOFOED,   )<br>)<br>Defendant.   ) | 8:09CR142-LES-FG3<br><br>REPORT AND<br>RECOMMENDATION |

This matter is before the court on the defendant's "Motion to File Out of Time" (Doc. 44) and related "Motion to Dismiss the Count Under 18 USCA §242" (Doc. 48). The court has considered the government's response (Doc. 58), and the defendant's "Addendum" (Doc. 60) and recommends that the motions be denied.

## BACKGROUND

As discussed in this court's order denying the defendant's motion for bill of particulars, the defendant is charged, *inter alia*, with willfully subjecting Matthew Livers and Nicholas Sampson to deprivation of their rights secured and protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, in violation of 18 U.S.C. § 242. The pending charges are based on actions taken by the defendant while he was employed as the Commander of the Crime Scene Investigation Division (CSI) for Douglas County, Nebraska. The defendant now complains that he is the victim of selective prosecution because charges have not been filed against his former employees and other law enforcement officers who participated in the investigation of Livers and Sampson.

## LAW

In the United States of America, the government "retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985). If the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in the prosecutor's discretion. *Id.* (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). The equal protection component of the Due Process Clause of the Fifth Amendment precludes selective enforcement of the law based upon an unjustifiable factor such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights. *See id.*; *United States v. Deering*, 179 F.3d 592, 594-95 (8th Cir.), *cert. denied*, 528 U.S. 945 (1999).

> A defendant has a heavy burden in proving a selective prosecution claim, *United States v. Eklund,* 733 F.2d 1287, 1290 (8th Cir. 1984), *cert. denied,* 471 U.S. 1003 (1985), and must meet a two-part test for a prima facie claim. *Id.* The defendant must first show that the government has singled him out for prosecution, while failing to prosecute others similarly situated who engaged in similar conduct. *Id.* Second, he must show that the government based its discriminatory selection on an impermissible ground such as religion, race, or exercising the right of free speech.
>
> A district court should grant a hearing on a defendant's selective prosecution claim if the defendant alleges "sufficient facts to take the question past the frivolous state," *United States v. Catlett*, 584 F.2d 864, 866 (8th Cir. 1978), and raises a reasonable doubt about the prosecutor's purpose. *Id.* Without these showings, it is presumed that the government prosecuted the case in good faith and in a nondiscriminatory way pursuant to its duty to bring offenders to justice. *Eklund*, 733 F.2d at 1291.

*United States v. Welliver*, 976 F.2d 1148, 1155 (8th Cir. 1992), *cert. denied*, 507 U.S. 1004 (1993); *see also, e.g., United States v. Deering*, 179 F.3d 592, 594-95 (8th Cir.), *cert. denied*, 528 U.S. 945 (1999).

I find that the defendant has not shown that the government singled him out for prosecution, while failing to prosecute others similarly situated who engaged in similar conduct. Nor has the defendant shown that the decision to prosecute him was based on an impermissible motive such as race, religion, or the exercise of constitutional rights. Considering the content of the defendant's motions, I find that the defendant has not raised sufficient facts to take the question past the frivolous state, has failed to raise a reasonable doubt about the prosecutor's purpose, and is not entitled to a hearing on this issue.

For these reasons,

**IT IS RECOMMENDED** that defendant's "Motion to File Out of Time" (Doc. 44) and related "Motion to Dismiss the Count Under 18 USCA §242" (Doc. 48) be denied.

Since this case is set for trial to commence August 31, 2009, an expedited schedule is necessary. Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing a "Statement of Objection to Magistrate Judge's Recommendation" on or before Wednesday, August 19, 2009.

**DATED August 14, 2009.**

                                **BY THE COURT:**

                                s/ F.A. Gossett
                                **United States Magistrate Judge**