IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID W. KOFOED, )<br>)<br>Defendant. ) | 8:09CR142-LES-FG3<br><br>REPORT AND<br>RECOMMENDATION |

This matter is before the magistrate judge on the defendant's "Motion to Declare 18 U.S.C. § 1519 Unconstitutional as Applied to Defendant" (Doc. 47) and the government's response thereto (Doc. 59). I recommend that the motion be denied.

## DISCUSSION

Count IV of the Indictment alleges:

> On or about the 8th day of May, 2006, in the District of Nebraska, DAVID W. KOFOED, Defendant herein, knowingly altered, falsified and made a false entry into a record or document with the intent to impede, obstruct or influence the investigation of a matter, or in relation to or contemplation of the investigation: to wit, an investigation of violations [of] the constitutional rights of Matthew Livers and Nicholas Sampson; within the jurisdiction of the Federal Bureau of Investigation, a department or agency of the United States.
> In violation of Title 18, United States Code, Section 1519.

Doc. 1 at ¶ 52.

As discussed in previous orders and recommendations, the culpable conduct identified in the indictment on this charge involves the defendant misdating his Forensic Services Report, Property Report, and two evidence envelopes containing blood evidence; sending these items, along with another investigative report, to the prosecutor; and making

no effort to amend the reports or tell the prosecutor or law enforcement about the misdated reports or the inadmissibility of the blood evidence until after state criminal charges against Livers and Sampson were dismissed and after Sampson filed suit in this court against the investigating officers.[1]  The blood evidence was collected on April 27, 2006; however, Kofoed reported that the evidence was collected on May 8, 2006.  The FBI began a civil rights investigation after a CSI employee approached the FBI in December 2007.

Kofoed contends that his actions in April and May 2006 "could not have been done in anticipation of, or with the intent to impede, obstruct or influence an FBI investigation," and the statute was not sufficiently clear to give a person of ordinary intelligence a reasonable opportunity to know that the alleged conduct was prohibited.

As explained in the government's brief,[2]

> Kofoed, who initially must have thought the blood evidence would strengthen the case following Livers' confession,[3] realized the problematic nature of his discovery of the blood evidence after Gregory Fester and Jessica Reid had been arrested, confessed to the murders, and were tied to the crime scene via DNA matches on at least three items of evidence (ring, flashlight, and marijuana pipe), and a shoe impression found outside the residence. Kofoed, realizing he was "in a box" suddenly became concerned the blood sample he had "discovered" under the steering wheel of the Ford Contour, was the result of cross-contamination with some unknown source.  He shared his

---

[1] *Sampson v. Schenck*, Case No. 8:07-cv-155.

[2] This quotation is included solely to explain the government's theory of the case, not to express any opinion or conclusion about the defendant's guilt or innocence in this matter.

[3] Livers recanted his confession on April 26, 2006, denying any involvement in the homicides then under investigation.

new theory with the Cass County Attorney and unveiled it to the news media during an interview with a local television station.

When contacted by the FBI in June 2008 during their civil rights investigation, Kofoed then admitted the two reports and envelopes bore the incorrect date but told the interviewing agents he had inadvertently entered the incorrect dates on the two reports and two evidence envelopes, but he had not intentionally attempted to mislead anyone. During his March 19, 2009, grand jury testimony, Kofoed acknowledged he knew the FBI would be the federal agency tasked with investigation of possible civil rights violations[.]

\* \* \* \*

. . . . Defendant Kofoed ... made the false entries in his Forensic Services Report and Property Report, misdated the two evidence envelopes, and failed to inform anyone of his errors. He acted, knowing his actions and silence would negatively impact the civil rights of Matthew Livers and Nicholas Sampson, and that an investigation of possible violations of their civil rights would fall within the purview and responsibility of the FBI.

Doc. 59 at pp. 4-6/7.

Section 1519 provides:

Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519. The Eleventh Circuit recently held that "[t]his statute rather plainly criminalizes the conduct of an individual who (1) knowingly (2) makes a false entry in a record or document (3) with intent to impede or influence a federal investigation." *United States v. Hunt*, 526 F.3d 739, 743 (11th Cir. 2008).

-3-

Kofoed's suggestion that this statute was intended to apply only in corporate fraud cases was specifically rejected in *Hunt*. 526 F.3d at 743-44.

As to the issue of timing, Hunt falsified a police report for the purpose of justifying his use of force in arresting one James Woodard on March 22, 2005. Hunt threw Woodard to the ground, causing Woodard's head to hit the concrete. Woodard was hospitalized for eight days and suffered permanent hearing loss from the incident. The FBI subsequently launched an investigation into the circumstances surrounding Woodard's arrest. In February 2006, Hunt admitted to the FBI that his statement in the police report and his prior statement to the FBI were inaccurate. Woodard had not initiated the contact with Hunt; rather, Hunt grabbed Woodard first by wrapping his arms around his waist and pinning his arms to his side. Hunt was indicted on a § 1519 charge for knowingly making a false statement in his police report with the intent to impede a federal investigation. Hunt testified at trial that he had attended a civil rights course, where he learned the federal government would investigate and prosecute civil rights violations such as willful uses of excessive force. The Court of Appeals found that § 1519 put Hunt on notice that his conduct was unlawful:

> The statute unambiguously describes the precise conduct the jury found Hunt engaged in when he made a false statement in his police report following Woodard's arrest. A person of ordinary intelligence would understand a police report to be a "record" or "document," and would also read the language "any matter within the jurisdiction of [a] department ... of the United States" to include an FBI investigation. Moreover, there is nothing ambiguous or unclear about the word "false" or the requirement that the statement be made knowingly and with an intent to impede said investigation. By its plain text, the statute placed Hunt on notice his conduct was unlawful.

*United States v. Hunt*, 526 F.3d at 743.

This court agrees with the analysis set forth by the Eleventh Circuit in *United States v. Hunt* and finds that the language of 18 U.S.C. § 1519 was sufficiently clear to give a person of ordinary intelligence a reasonable opportunity to know that the alleged conduct was prohibited.

**IT IS RECOMMENDED** that the defendant's "Motion to Declare 18 U.S.C. § 1519 Unconstitutional as Applied to Defendant" (Doc. 47) be denied.

Since this case is set for trial to commence August 31, 2009, an expedited schedule is necessary. Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing a "Statement of Objection to Magistrate Judge's Recommendation" on or before **Monday, August 24, 2009.**

**DATED August 18, 2009.**

                              **BY THE COURT:**

                              s/ F.A. Gossett
                              **United States Magistrate Judge**